**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KENT MAYNARD, JR.,** | ) | |
| | ) | **No. 24 CV 3612** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| **THE CITY OF CHICAGO and CARMEN MOSTEK,** | ) | |
| | ) | **August 26, 2026** |
| **Defendants.** | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff brings Section 1983 and related claims against Chicago Police Officer Carmen Mostek and the City of Chicago ("the City") based on Mostek's shooting and killing Plaintiff's dog while Mostek was off duty. Before the court is Plaintiff's request to de-designate as "confidential" the City's Civilian Office of Policy Accountability's ("COPA") Final Summary Report ("FSR"), COPA's Supplemental FSR, the Superintendent of Police's Concurrence and Non-Concurrence ("Superintendent's Response"), and the request to file charges against Mostek (collectively, "COPA Documents"). For the following reasons, the request is granted:

**Background**

This case arises from Mostek's April 21, 2024 shooting of Plaintiff's dog after she allegedly prevented Plaintiff from interposing himself between their respective dogs. (See R. 153, Feb. 9, 2026 Mem. Op. and Order at 3.) COPA opened an investigation into the shooting shortly after it occurred and thereafter issued an FSR. (R. 190, Defs.' Resp. at 3.) The Superintendent of Police reviewed the FSR and on

January 20, 2026, recommended disciplinary action against Mostek. (Id. at 3.) COPA then issued a Supplemental FSR. (See id. at 3-4.) The Superintendent's recommended disciplinary charges against Mostek have yet to be filed. (R. 192, Pl.'s Reply at 5.)

Defendants produced COPA Documents to Plaintiff during discovery in this case and designated them as "confidential" pursuant to this court's protective order, (see R. 177, Pl.'s Mot. at 2 n.1), which defines "confidential" material as anything "protected from disclosure by the Illinois Freedom of Information Act [FOIA]," (R. 70, Protective Order). Plaintiff argues that Defendants must remove the "confidentiality" designation so that he may use the COPA Documents without restriction during the jury trial. (R. 178, Pl.'s Mot. to Seal at 1-2.) Defendants oppose the request based on FOIA, 5 ILCS 140/1, which they say allows them to designate the documents as "confidential" under the protective order, and Chicago Municipal Code § 2-78-145 ("Code 145"), which they argue prohibits the public disclosure of COPA Documents.

**Analysis**

Defendants may designate COPA Documents as "confidential" only if they are "protected from disclosure" under FOIA. (R. 70, Protective Order). But Defendants bear the "burden of persuasive" in Plaintiff's challenge to their confidentiality designations. (Id. ¶ 10(b).) FOIA presumes that records in the possession of a public body are open to public inspection. *See* 5 ILCS 140/1.2. But a public body may overcome this presumption by offering clear and convincing evidence that a FOIA

exemption applies. *See Taylor v. Cook Cnty. State's Atty's Off.*, 2025 IL App (1st) 231135, ¶ 13. To satisfy this burden, a public body must provide enough detail to show that a FOIA exemption covers the subject record, *id.*, and may not rely solely on its own ordinance to create an exemption that is not also provided under FOIA, *see Better Gov't Ass'n v. Vill. of Rosemont*, 2017 IL App (1st) 161957, ¶ 33 (finding that a municipality did not have authority to restrict disclosure of information through its own ordinance). The court first considers whether Code 145 provides grounds for designating COPA Documents as "confidential" and then addresses whether a FOIA exemption applies.

**A. Code 145**

Defendants argue that Code 145 permits public disclosure of COPA Documents only after disciplinary charges are served on Mostek. (See R. 190, Defs.' Resp. at 1-2.) The court disagrees. Code 145 states that COPA's FSRs must "be posted on the Office's website and open to public inspection" with redactions only if the information "is exempted from disclosure by [FOIA] or any other applicable law." Chi. Mun. Code § 2-78-145. Code 145 then instructs COPA to post the reports "promptly after, but not before" the Superintendent responds to a COPA disciplinary recommendation, and any resulting charges are served. *Id.* Under this regulatory framework, Code 145 does not provide an independent basis for withholding the FSR or Superintendent's Response from the public.

And notably, Code 145 discusses only COPA's own posting obligations and does not pertain to disclosure during litigation. The Supreme Court of Illinois has held

that a municipal ordinance must be enforced as written when it is clear and unambiguous and cannot extend to matters the text does not address. *See Lawrence v. Regent Realty Grp., Inc.*, 197 Ill. 2d 1, 10 (2001) (interpreting the Chicago Municipal Code as precluding a court from "depart[ing] from [the Code's] plain language by reading into it exceptions, limitations, or conditions not expressed by the legislature"). Here, Code 145 clearly and unambiguously pertains to COPA's posting duties. Chi. Mun. Code § 2-78-145. That COPA has not yet posted the FSR to its website means only that its own posting duties have not yet been triggered, not that public disclosure of COPA Documents is prohibited.

Even if read as broadly as Defendants argue, a municipal ordinance cannot create a restriction on public records that FOIA itself does not impose. *See Rosemont*, 2017 IL App (1st) 161957, ¶ 33. The Illinois General Assembly has mandated that FOIA "shall be the exclusive State statute on freedom of information, except to the extent that other State statutes might create additional restrictions on disclosure of information or other laws in Illinois might create additional obligations for disclosure of information to the public." 5 ILCS 140/1; *see also Rosemont*, 2017 IL App (1st) 161957, ¶ 33 (noting that only state statutes may provide additional public disclosure restrictions). A contrary reading would leave public disclosure "largely at the unfettered discretion" of local bodies. *Id.* ¶¶ 33-34. As such, the court declines to apply Code 145 in the manner Defendants request.

**B. FOIA Exemption**

Defendants next argue that COPA Documents remain restricted from public disclosure under FOIA exemptions covering records that: (1) relate to the adjudication of employee disciplinary cases; (2) are pre-decisional, deliberative materials; (3) would interfere with an active administrative proceeding; and (4) would create a substantial likelihood of denying a fair hearing. The court addresses each exemption in turn and finds that none applies here.

**1. Section 7(1)(n)**

This section exempts records "relating to a public body's adjudication of employee grievances or disciplinary cases," except for the final adjudication for cases in which discipline is imposed. 5 ILCS 140/7(1)(n). Defendants argue that COPA Documents reflect only COPA's recommendation, not a final or conclusive decision regarding Mostek's disciplinary matter. (R. 190, Defs.' Resp. at 3-4.) But investigative records are distinct from adjudication records and do not fall within this FOIA exemption just because they may be used in a later adjudicatory proceeding. *See Kalven v. City of Chi.*, 2014 IL App (1st) 121846, ¶¶ 20-22 (holding that police misconduct investigation reports are not exempt from public disclosure under Section 7(1)(n) because they are on a "separate and distinct track" from disciplinary adjudications). Under the City's disciplinary process, an "adjudication" does not begin until the Police Board conducts a hearing. *See Orsa v. Police Bd. of City of Chi.*, 2016 IL App (1st) 121709, ¶ 39 (noting that adjudication includes hearing and decision stages, not the investigative phase that comes before it). Here, the FSR and

Supplemental FSR include COPA's investigative findings, whereas the Superintendent's Concurrence and Non-Concurrence consist of his personal review of those findings. These records precede any Police Board adjudication, which according to Defendants has yet to begin. (R. 190, Defs.' Resp. at 3-4.) Thus, COPA Documents are investigative, not adjudicative, and Section 7(1)(n) does not shield them from disclosure.

**2. Section 7(1)(f)**

This section exempts from disclosure "[p]reliminary drafts, notes, recommendations, memoranda and other records in which opinions are expressed, or policies or actions are formulated." 5 ILCS 140/7(1)(f). The facts used to reach a decision remain public unless they are "inextricably intertwined" with pre-decisional discussions. *Watkins v. McCarthy*, 2012 IL App (1st) 100632, ¶ 36 (quoting *Enviro Tech Int'l, Inc. v. EPA*, 371 F.3d 370, 374-75 (7th Cir. 2004)) (noting that Section 7(1)(f) is equivalent to the federal "deliberative process" exemption). And only those portions of a pre-decisional document reflecting the deliberative process may be withheld. *See Kalven*, 2014 IL App (1st) 121846, ¶¶ 24-25. In other words, this exemption protects documents reflecting discussions leading to a decision, but not a decision that is deemed final or the underlying facts.

Defendants argue that a Police Board hearing represents the final step in Mostek's disciplinary proceeding, whereas COPA Documents reflect only preliminary recommendations upon which the Police Board may rely, and therefore are protected from disclosure. (R. 190, Defs.' Resp. at 5.) But COPA Documents reflect final

conclusions that COPA and the Superintendent reached, not an internal back-and-forth. It is also not clear whether records on which the Police Board relies for the hearing would be exempt, because the Police Board hearing represents a formal adjudication, not an internal deliberation. Regardless, that the Police Board might rely on COPA Documents when evaluating Mostek's conduct does not transform a completed investigation into a preliminary draft. *See Peoria J. Star v. City of Peoria*, 2016 IL App (3d) 140838, ¶ 16 (holding that investigative reports exist independent of adjudication and the fact that such reports later lead to disciplinary action is insufficient to qualify for exemption).

Even if some of these documents or portions thereof could be considered deliberative, the exemption would cover only that portion. *See Kalven*, 2014 IL App (1st) 121846, ¶¶ 24-25; 5 ILCS 140/7(1)(f). The public body bears the burden of asserting this exemption and must identify the deliberative portions with specificity and justify the exemption in a manner that allows for adversary testing. *See Glynn v. Dep't of Corr.*, 2023 IL App (1st) 211657, ¶¶ 34, 37. But Defendants have not done so here. Accordingly, Defendants have not met their burden for the application of the exemption under Section 7(1)(f).

**3. Section 7(1)(d)(ii)**

This section exempts records from public disclosure if such disclosure would interfere with a pending or reasonably contemplated administrative proceeding. 5 ILCS 140/7(1)(d)(ii). A public body must provide specific, document-by-document evidence to show that this exemption applies. *Taylor*, 2025 IL App (1st) 231135, ¶ 13.

A vague or conclusory explanation is insufficient. *Id.* Defendants failed to meet this standard. A Police Board proceeding begins when the Superintendent files disciplinary charges, and no charges have been filed against Mostek. Nor have Defendants submitted any document-specific evidence explaining how disclosure of COPA Documents would interfere with this Police Board proceeding. (See R. 190, Defs.' Resp. at 4.) As such, Defendants' argument amounts to a general assertion that these documents relate to an ongoing matter, which is not enough to establish that Section 7(1)(d)(ii) applies. *See Taylor*, 2025 IL App (1st) 231135, ¶ 13.

**4. Section 7(1)(d)(iii)**

This section exempts records from public disclosure if such disclosure would create a substantial likelihood that a person would be deprived of a fair trial or an impartial hearing. 5 ILCS 140/7(1)(d)(iii). Like the other FOIA exemptions Defendants seek to invoke, this section requires specific, document-by-document evidence—a general or conclusory assertion does not suffice. *Taylor*, 2025 IL App (1st) 231135, ¶ 13. Defendants assert that public disclosure of COPA Documents would deprive Mostek of an impartial hearing because Plaintiff previously discussed her shooting and the COPA investigation with media, City agencies, and on his YouTube channel. (See R. 190, Defs.' Resp. at 4.) But this assertion alone is not enough to show that the disclosure of any specific record would create a substantial likelihood of an unfair hearing for Mostek. *See Taylor*, 2025 IL App (1st) 231135, ¶ 13; *Fisher v. Off. of Ill. Att'y Gen.*, 2021 IL App (1st) 200225, ¶ 22 (requiring public body to provide "objective indicia that a [FOIA] exemption applies under the

circumstances" (citing *Ill. Educ. Ass'n v. Ill. Bd. of Educ.*, Ill. 2d 456, 470 (2003))). As such, Defendants have not shown that the cited exemption applies to COPA Documents.

**C. Restrictions**

While Defendants have not shown that COPA Documents should be treated as confidential, the court is mindful that "there is a difference between the public's interest in evidence presented at a public trial and materials exchanged between the parties during the discovery process." *Coffie v. City of Chi.*, No. 05 CV 6745, 2006 WL 1069132, at *2-3 (N.D. Ill. April 21, 2006) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 31 (1984)); *see also Bond v. Utreras*, 585 F.3d 1061, 1074-75 (7th Cir. 2009) ("Pretrial discovery . . . is usually conducted in private."). Restraints on discoverable materials may be appropriate because "[m]uch of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action." *Seattle Times*, 467 U.S. at 33. Accordingly, Plaintiff must limit his use of COPA Documents for purposes of presenting evidence at his upcoming trial and may not use them for any other purpose. *See, e.g.*, *Lane v. Salgado*, No. 13 CV 3764, 2014 WL 889306, at *2 (N.D. Ill. March 5, 2014) (denying the plaintiff's motion for protective order requesting to publicly disseminate the defendant officer's complaint registries outside of the litigation).

## Conclusion

For the foregoing reasons, Plaintiff's request to have the "confidentiality" designation removed from COPA Documents is granted, but he may use COPA Documents for purposes of presenting evidence at his upcoming trial.

**ENTER:**

**Young B. Kim**
**United States Magistrate Judge**